**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DARRYL CRENSHAW,
     Plaintiff,

       v.                        Case No. 3:24-CV-372 (OAW)

EDMOND, et al.,
     Defendants.

### <u>INITIAL REVIEW ORDER</u>

Self-represented Plaintiff Darryl Crenshaw, a sentenced inmate,[1] has filed a complaint naming three defendants, Correctional Officer Edmond, Lieutenant Bowers, and Warden Daugherty.  Plaintiff asserts claims for violation of his rights under the First, Eighth, and Fourteenth Amendments.  He seeks damages and unspecified injunctive and declaratory relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

---

[1] Information available on the Department of Correction website shows that Plaintiff was sentenced on April 6, 2015, to a seventy-eight year term of imprisonment.  *See* Offender Information Search, available at: www.ctinmateinfo.state.ct.us/ (Inmate Number 281335) (last visited May 21, 2024).  The court may take judicial notice of matters of public record.  *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

The court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

## I.   <u>FACTUAL BACKGROUND</u>

Rather than setting forth one statement of facts, Plaintiff has alleged facts in support of each of his three causes of action.  The court will summarize the relevant facts necessary to provide context for its ruling, below.

On October 15, 2023, Officer Edmond slid a disciplinary report under the door of Plaintiff's prison cell and threatened his exposure to harsher sanctions (by upgrading the offense from Class B to Class A), if Plaintiff did not sign it.  ECF. No. 1 at 4 ¶ 1.

Plaintiff refused to sign or to return the disciplinary report and instead asked that a lieutenant be called.  *Id*. ¶ 3.  Officer Edmond threatened to use a chemical agent on Plaintiff or to extract him from his cell and place him in segregation in order to retrieve the report.  *Id*. ¶ 2.  Plaintiff observed Officer Edmond writing what appeared to be another disciplinary report, but such report was never served on him.  *Id*. at 5 ¶¶ 3-4.  Another officer tried to persuade Plaintiff to return the report, stating that Plaintiff likely would have difficulties with Officer Edmond if he did not, but Plaintiff refused.  *Id*. ¶ 4.

Plaintiff submitted an Inmate Request to Lieutenant Bowers on October 18, 2023, and a grievance to Warden Daugherty on November 13, 2023, but was not satisfied with the responses.  *Id*. ¶ 5.

On November 12, 2023, Officer Edmond told Plaintiff, "Don't worry, I'll get it right

2

tonight." *Id*. at 6 ¶ 1. Plaintiff assumed Officer Edmond was referring to "the D.R. he failed to illegally give the plaintiff over false allegations on 10-15-23." *Id*.

At 6:30 p.m., Plaintiff was let out of his cell to work, as were other inmate workers. *Id*. ¶ 2. At 7:00 p.m., Officer Edmond ordered the tier workers to lock up and refused to permit Plaintiff and the other workers to shower or to continue working. *Id*. Plaintiff contends that this action was contrary to written instructions from Lieutenant Bowers. *Id*. Officer Edmond then told the other workers that they could remain out of their cells if they forced Plaintiff to lock up. *Id*. The other inmates protested but were forced back to their cells because they would not comply with this request. *Id*.

At 7:20 p.m., Officer Edmond refused to permit Plaintiff to leave his cell to get his medication. *Id*. at 7 ¶ 3. A second correctional officer told Plaintiff that he had tried to get Officer Edmond to permit Plaintiff to leave his cell, but that Officer Edmond had refused. *Id*. Later that evening, Plaintiff approached the officers' control area ("the bubble") and asked Officer Edmond to call the medical unit for Plaintiff's medication. *Id*. Officer Edmond merely stated, "Write me up again." *Id*. The following day, and again on December 5, 2023, Plaintiff submitted inmate requests to Lieutenant Bowers, and on December 28, 2023, he submitted a grievance. *Id*. ¶ 4.

## II.   <u>DISCUSSION</u>

Plaintiff includes three claims in his complaint. The first is against Officer Edmond for violating due process, abusing authority, and intimidation, based on the incident from October 15, 2023. The second claim is against Officer Edmond for retaliation, cruel and

3

unusual punishment, violating due process, abusing authority, and intimidation, based on the incident from November 12, 2023. The final claim is against Lieutenant Bowers and Warden Daugherty for deliberate indifference, failure to protect, and violation of due process. As to each, Plaintiff lists facts, and claims he finds to be supported by them.

### A. Due Process

#### 1. Officer Edmond

Plaintiff's due process claims against Officer Edmond appear to be based on the allegations of the false disciplinary report issued on October 15, 2023, and the threatened, but not issued, subsequent disciplinary report.

Mere issuance of a false disciplinary report is insufficient to support a claim for denial of due process. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). "A false disciplinary report 'violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of evidence against him or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights.'" *Fonck v. Semple*, No. 3:18-CV-1283 (KAD), 2019 WL 1763081, at *3 (D. Conn. Apr. 22, 2019) (quoting *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005)).

No hearing was held on the disciplinary charge and no sanctions were imposed. Thus, Plaintiff's claims are only for *issuance* of a false disciplinary report, and the perceived threat of a second one, which do not state cognizable due process claims. Accordingly, the due process claims against Officer Edmond are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

4

### 2.  Lieutenant Bowers and Warden Daugherty

Plaintiff brings due process claims against Lieutenant Bowers and Warden Daugherty based on the former's responses (and lack thereof) to his inmate requests, and on Warden Daugherty's responses to his grievances.

An inmate has no constitutional right to an administrative remedy, nor to have his grievance properly processed or investigated, nor to receive a response to a grievance he has filed.  *See Crispin v. Sussel*, No. 3:21-CV-885 (KAD), 2023 WL 22421, at \*5 (D. Conn. Jan. 3, 2023).  The United States Court of Appeals for the Second Circuit has held that due process claims relating to prison grievance procedures "confuse[] a state-created procedural entitlement with a constitutional right" and that "neither state policies nor 'state statutes ... create federally protected due process entitlements to specific state-mandated procedures.'"  *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)).

Due process claims against Lieutenant Bowers and Warden Daugherty in their handling of Plaintiff's inmate requests or grievances are not cognizable and are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B.  Abuse of Authority

Plaintiff claims that Officer Edmond abused his authority in response to Plaintiff's refusal to return the disciplinary report.  While, at times, courts have referred to § 1983 claims as claims for abuse of authority or for abuse of governmental authority, *see, e.g., Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940 (1982), § 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights

established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).  If Plaintiff is asserting a generalized § 1983 claim, the claim is dismissed.

Sometimes claims for abuse of authority are viewed as claims for a violation of substantive due process.  *See, e.g., Yu v. New York State Unified Court Sys. Office of Court Admin*., No. 11-CV-3226 (JMF), 2013 WL 3490780, at *7 (S.D.N.Y. July 12, 2013) (construing abuse of authority claim as alleged violation of substantive due process).  However, abuse of authority does not rise to the level of a constitutional violation unless the behavior "'shocks the conscience' and violates the 'decencies of civilized conduct.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see also Natale v. Town of Ridgefield*, 170 F.3d 258, 262-63 (2d Cir. 1999) ("For state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.' ... Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of government authority.").

Plaintiff alleges that Officer Edmond issued a false disciplinary report, made threats, required him to lock up, and prevented him from accessing medication on one occasion.  While the court does not condone such alleged actions, this conduct in a prison setting is not arbitrary and outrageous due to restrictions that prisons inherently impose.  Thus, the claim for abuse of authority is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**C. Intimidation**

Plaintiff contends that Officer Edmond threatened harsher sanctions, use of a

chemical agent, and placement in segregation, but never carried out such threats.  Even
assuming that Plaintiff felt threatened by Officer Edmond's statements, inmates have no
constitutional right to be free from such harassment.  *See Jordan v. Fischer*, 773 F. Supp.
2d 255, 276 (N.D.N.Y. 2011) (citing cases); *see also Timm v. Faucher*, No. 3:16-CV-
00531 (VAB), 2017 WL 1230846, at *6 (D. Conn. Mar. 31, 2017) (dismissing Eighth
Amendment claim based on verbal harassment and abuse where plaintiff failed to allege
appreciable injury).  Thus, even though such alleged statements would be inexcusable,
they do not rise to the level of a constitutional violation.  Plaintiff's claim for intimidation is
dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    **D.  <u>Retaliation</u>**

    Plaintiff asserts a First Amendment claim for retaliation.  To state a cognizable
retaliation claim, he must allege facts establishing three elements: "(1) that the speech or
conduct at issue was protected, (2) that the defendant took adverse action against the
plaintiff, and (3) that there was a causal connection between the protected speech and
the adverse action."  *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (citation and
quotation marks omitted).  Plaintiff's allegations must be non-conclusory.  *See Friedl v.
City of New York*, 210 F.3d 79, 86 (2d Cir. 2000) (noting that a retaliation claim "must be
supported by specific and detailed factual allegations, not stated in wholly conclusory
terms"); *Hendricks v. Mallozzi*, No. 9:20-CV-1035 (MAD/ML), 2022 WL 1129887, at *4
(N.D.N.Y. Jan.14, 2022) ("To state a *prima facie* claim pursuant to 42 U.S.C. § 1983 for
retaliatory conduct, a plaintiff must advance non-conclusory allegations establishing" the
three elements of a retaliation claim.) (citations omitted), *report and recommendation*

*adopted*, 2022 WL 856885 (N.D.N.Y. Mar. 23, 2022).

Filing a lawsuit or complaint is a protected activity.  *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (filing a lawsuit or grievance is constitutionally protected activity and will support a retaliation claim).  Plaintiff alleges that he filed inmate requests and grievances about Officer Edmond's conduct.  The court considers these allegations sufficient to plausibly allege the first element.

Regarding the second element, the adverse action must be so serious as to deter a similarly situated person of ordinary firmness from exercising their right to speech. *Burns*, 890 F.3d at 93-94.  Plaintiff alleges that Officer Edmond once refused to let him receive his medication and goaded him to write up Officer Edmond again.  While the alleged comment demonstrates the required causal connection, Plaintiff does not indicate why he required medication or any ill-effects suffered from one missed dose thereof.  The court will permit the claim to proceed for further development of the record to determine whether Officer Edmond's conduct was sufficiently adverse to support a retaliation claim.

### E.  Supervisory Liability

Lieutenant Bowers and Warden Daugherty are supervisors.  Plaintiff alleges that Lieutenant Bowers "created, allowed, and sustained an environment in which outdated customs/behavior of her officers allowed for the abuse of the plaintiff's civil rights."  ECF No. 1 at 6, Claim III ¶ 1.  He further alleges that "[w]hen brought to her attention, she failed to respond or correct her subordinates['] conduct further violating the plaintiff's civil rights." *Id.*  Plaintiff's claims against Warden Daugherty concern only his disposition of Plaintiff's grievances, claims addressed above.

Prior to its decision in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the United States Court of Appeals for the Second Circuit established five factors that could be used to show that a supervisor personally was involved in a constitutional claim:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

In *Tangreti*, the Second Circuit held that "there is no special rule for supervisory liability." *Tangreti,* 983 F.3d at 618. Thus, the second, fourth, and fifth *Colon* factors are not valid ways to establish the personal involvement of a supervisory official. *See Stone #1 v. Annucci*, No. 20-CV-1326 (RA), 2021 WL 4463033, at *8 (S.D.N.Y. Sept. 28, 2021) (noting district court's rejection of *Colon* factors, including second factor, after *Tangreti)*; *see also Morrow v. Vanderwerff*, No. 9:19-CV-555 (DNH/DJS), 2022 WL 526218, at *3 (N.D.N.Y. Jan. 6, 2022) ("District courts discussing *Tangreti* agree that the decision invalidated the *Colon* test." (citation omitted)), *report and recommendation adopted*, 2022 WL 523745 (N.D.N.Y. Feb. 22, 2022), *appeal dismissed*, No. 22-844, 2022 WL 19535502 (2d Cir. Oct. 6, 2022). As such, the second part of Plaintiff's claim against Lieutenant Bowers, that she failed to correct the situation after it was brought to her attention, does not state a cognizable claim for supervisory liability and is dismissed. *See Tangreti*, 983 F.3d at 616-17 ("A supervisor's 'mere knowledge ...' is not sufficient because that

9

knowledge does not 'amount[] to the supervisor's violating the Constitution.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

Plaintiff also alleges that Lieutenant Bowers created (and let persist) an environment in which Officer Edmond could freely make such threats and take such action. Plaintiff has alleged that Lieutenant Bowers was the unit manager, and that she knew of Officer Edmond's actions on October 15, 2023, due to Plaintiff's inmate request from October 18, 2023 (to which she responded, indicating that the incident would be investigated). *See* ECF. No. 1 at 15. As nothing appears to have changed, there is some support for Plaintiff's claim that Lieutenant Bowers created the environment and permitted the actions to continue. The court will permit this claim to proceed for further development of the record.

## ORDERS

The claims for denial of due process, abuse of authority, intimidation, and supervisory liability based on failing to remedy the wrong are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The case will proceed on the claim for retaliation against Officer Edmond and the supervisory liability claim against Lieutenant Bowers based on creating the environment in the housing unit and permitting it to continue.

Plaintiff has two options as to how to proceed in response to this Initial Review Order:

(1) If Plaintiff wishes to proceed immediately (but only) on the retaliation claim against Officer Edmond and the one supervisory liability claim against Lieutenant Bowers, he may do so without further delay.  If Plaintiff selects this option, he shall file a notice on the docket within thirty days from the date of this order informing the court that he elects to proceed with service as to these claims against Defendants Edmond and Bowers.  At that point, the court would enter a scheduling order and effect service of process on Defendants.

(2)  Alternatively, if Plaintiff wishes to attempt to replead any of the claims from his complaint that have been dismissed without prejudice (in order to attempt to state a viable claim), he may file an amended complaint within thirty days from the date of this order.  An amended complaint, if filed, will completely replace the complaint and the court will not consider any allegations made in the original complaint in evaluating any amended complaint.  If Plaintiff files an amended complaint, he must comply with the pleading rules and correct the deficiencies in pleading identified in this order.  The court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein.  If Plaintiff elects to file an amended complaint, the complaint addressed by this initial review order will not proceed to service of process on any defendant.

If the court receives no response from Plaintiff within thirty days from the date of this order, the court will presume that Plaintiff wishes to proceed on the complaint as to

the claims permitted to go forward in this initial review order, and Plaintiff will have to show good cause if at any time in the future he seeks to amend the complaint in any way.

**Change of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff also should notify Defendants or counsel for Defendants of his new address.

**IT IS SO ORDERED** at Hartford, Connecticut, this 29th day of May, 2024.

_____/s/_____
Omar A. Williams
United States District Judge